

UNITED STATES DISTRICT COURT
                          EASTERN DISTRICT OF LOUISIANA

---

SUSAN HARDY,

           Plaintiff,

      vs.

SCANDINAVIAN AIRLINES SYSTEM a/k/a
SAS, d/b/a SCANDINAVIAN AIRLINES OF
NORTH AMERICA, INC.,

           Defendant.

Case No. 2:21 Civ. 01591 (SM) (DMD)

---

### DECLARATION OF BARTHOLOMEW J. BANINO IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT & MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Bartholomew J. Banino declares as follows:

1. I am an attorney with the law firm Condon & Forsyth LLP and represent Defendant Scandinavian Airlines System Denmark-Norway-Sweden ("SAS") in numerous United States litigation matters. I am personally familiar with all of the facts, pleadings, and proceedings in this matter.

2. I am submitting this Declaration in support of SAS's Motion to Set Aside Default and Motion to Dismiss for Lack of Personal Jurisdiction, both to attest to certain facts relevant to personal jurisdiction and service of process in this action, and to authenticate the documents marked as **Exhibits B-E** to SAS's Motion to Set Aside Default.

3. SAS is a consortium of corporations organized under the laws of Denmark, Norway, and Sweden. SAS currently maintains its headquarters in Stockholm, Sweden.

4. Scandinavian Airlines of North America, Inc. ("SANA") is a subsidiary of SAS that is incorporated in New York and currently maintains its headquarters in New Jersey.

5. In late August 2021, Plaintiff's counsel mailed SAS's Head of Corporate Governance in Kastrup, Denmark a summons that was attached to a copy of a complaint that related to another lawsuit. The document marked as **Exhibit B** to SAS's Motion to Set Aside Default is a true and correct copy of the correspondence, summons, and complaint mailed to SAS in August 2021.

6. I informed Plaintiff's counsel of the error in early October 2021 after learning that the documents had been received by SAS in Denmark in late September, and inquired as to whether Plaintiff intended to send SAS the documents necessary to execute a waiver of service pursuant to Fed. R. Civ. P. 4(d).

7. On October 6, 2021, Plaintiff's counsel acknowledged the error in service and stated that a waiver of service form would be sent to SAS along with the correct Complaint. The document marked as **Exhibit C** to SAS's Motion to Set Aside Default is a true and correct copy of my email correspondence with Plaintiff's counsel concerning the error in service.

8. Prior to filing the Complaint in this action, Plaintiff's counsel inquired as to SAS's willingness to waive service. The document marked as **Exhibit D** to SAS's Motion to Set Aside Default is a true and correct copy of my email correspondence with Plaintiff's counsel concerning this inquiry.

9. SAS returned a waiver of service to Plaintiff on December 7, 2021. The document marked as **Exhibit E** to SAS's Motion to Set Aside Default is a true and correct copy of the executed waiver of service and my email correspondence with Plaintiff's counsel enclosing the same.

10. To date, it is unclear whether Plaintiff made any attempt to effectuate formal service of the correct Complaint on SAS after requesting that SAS waive service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of December 2021.

                                                    _*/s/ Bartholomew J. Banino*_
                                                     Bartholomew J. Banino