# Exhibit B



# LAW OFFICES OF TONY B. JOBE
## Aviation and Commercial Law

| Telephone: (985) 845-8088 | 1144 Hardy Drive; Covington, LA 70433 | Email: jobelaw@msn.com |

August 30, 2021

<u>VIA FEDERAL EXPRESS</u>

Cogency Global, Inc.
Registered Agent for Service of Process
Scandinavian Airlines of North America, Inc.
122 E. 42nd Street, 18th Floor
New York, New York 10168

Mr. Ole Schröder, Esq.
Corporate Headquarters
Scandinavian Airlines System ("SAS")
Kystrejen 2-4
2770 Kastrup
Denmark

      RE:   Susan Hardy v. Scandinavian Airlines System aka SAS,
               d/b/a Scandinavian Airlines of North America, Inc.
               United States District Court for the Eastern District of Louisiana
               Civil Action No. 21-cv-1591 E(3)

Dear Sir/Madam:

      I represent Mrs. Susan Hardy, who was injured while disembarking SAS flight SK 908 in Oslo, Norway on August 23, 2019. Enclosed please find a copy of Mrs. Hardy's Complaint filed against Scandinavian Airlines System aka SAS, d/b/a Scandinavian Airlines of North America, Inc. in the United States District Court for the Eastern District of Louisiana along with a Summons in a Civil Action executed by the Clerk of Court.

      This is notice to you that a lawsuit has been filed against you pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents and United States Federal Rules of Civil Procedure 4(f) and (h). We look forward to working with you to resolve this lawsuit.

                                                                    Sincerely,

                                                                    Tony B. Jobe
                                                                    Counsel for Mrs. Susan Hardy

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| SUSAN HARDY ) <br> ) <br> ) <br> ) <br> _Plaintiff(s)_ ) <br> v. ) <br> SCANDINAVIAN AIRLINES SYSTEM a/k/a SAS, ) <br> d/b/a SCANDINAVIAN AIRLINES OF NORTH ) <br> AMERICA, INC. ) <br> ) <br> _Defendant(s)_ ) | Civil Action No.  21-cv-1591 E(3) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ SCANDINAVIAN AIRLINES SYSTEM a/k/a SAS, d/b/a SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC.
c/o MR. OLE SCHRODER, ESQ.
CORPORATE HEADQUARTERS
KYSTREJEN 2-4
2770 KASTRUP
DENMARK

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    TONY B. JOBE
LAW OFFICES OF TONY B. JOBE
1144 HARDY DRIVE
COVINGTON, LOUISIANA 70433

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Carol L. Michel
Name of clerk of court

Date: ___Aug 23 2021___    _/s/ Paige Payton_
Deputy clerk's signature

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____; or

❒ I returned the summons unexecuted because _____; or

❒ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------x
ANATOLY DAVYDOV,

                        Plaintiff,

      -against-                                  **COMPLAINT &**
                                                      **JURY TRIAL DEMAND**
SCANDINAVIAN AIRLINES SYSTEM
a/k/a SAS, d/b/a SCANDINAVIAN AIRLINES
OF NORTH AMERICA, INC.

                        Defendant.
------------------------------------------------------------------x

        Plaintiff, ANATOLY DAVYDOV, by his attorneys, KREINDLER & KREINDLER LLP, as and for his Complaint against Defendant, SCANDINAVIAN AIRLINES SYSTEM a/k/a SAS, d/b/a SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC., alleges the following:

### JURISDICTION AND VENUE

        1.     The jurisdiction of this Court is founded upon 28 U.S.C. Sec. 1331, by reason of the fact that the Plaintiff's claims are governed by the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter referred to as "the Montreal Convention")[1] as the result of injuries Plaintiff sustained on February 13, 2019 while disembarking SAS Flight SK1748 from Stockholm, Sweden to Tallinn, Estonia, an international air transportation operation conducted by Defendant.

        2.     At all times relevant to the claims asserted herein, Plaintiff's principal and permanent residence was and remains in the United States of America, specifically in the State of Florida.

        3.     At all times relevant to the claims asserted herein, Defendant, SCANDINAVIAN

---

[1] The Montreal Convention is a treaty ratified by the United States and which entered into force in November 2003.

AIRLINES SYSTEM (hereinafter known as "SAS"), conducted, and continues to conduct, commercial airline operations and business in the United States under the names Scandinavian Airlines System, SAS, and Scandinavian Airlines of North America, Inc.

4. In particular, SAS conducts regularly-scheduled flight operations to and from airports in the United States, including Newark International Airport in the State of New Jersey, San Francisco International Airport in the State of California, Seattle-Tacoma International Airport in the State of Washington, and Washington Dulles International Airport in the District of Columbia.

5. SAS is registered to do business in the United States of America as Scandinavian Airlines of North America, Inc., maintaining its principal executive office within this judicial district at 301 Route 17 North, Rutherford, New Jersey 07070, from which it conducts its United States business operations.

6. Scandinavian Airlines of North America, Inc. also maintains a registered agent for service of process in the State of New York at 10 East 40th Street, New York, New York 10016.

7. By reason of the foregoing, the United States, and in particular the State of New Jersey, satisfy the jurisdiction and venue requirements of Article 33 of the Montreal Convention.

## FACTUAL ALLEGATIONS

8. At all times herein relevant, Defendant, SAS, was and is a commercial common carrier engaged in the business of international air transportation of passengers.

9. At all times herein relevant, Defendant, SAS, employs flight crews responsible for the safe and secure operation of its flights and the safety and well-being of its passengers, including embarkation and disembarkation from its aircraft.

10. At all times herein relevant, Defendant, SAS, was responsible for the training, management, supervision, and/or control of its flight and cabin crews, including but not limited to the crew's adherence to standard safety policies and protocol.

11. On February 13, 2019, Plaintiff, ANATOLY DAVYDOV, was a fare-paying passenger on SAS Flight SK1748 from Stockholm Arlanda Airport in Stockholm, Sweden (ARN) to Lennart Meri Tallinn Airport in Tallinn, Estonia (TLL) (hereinafter referred to as "the subject flight").

12. On February 13, 2019, SAS Flight SK1748 utilized a certain Bombardier CRJ-900LR jet aircraft (hereinafter referred to as "the subject aircraft") to operate the subject flight.

13. On February 13, 2019, SAS departed Stockholm at approximately 5:05 PM and landed in Tallinn at approximately 7:07 PM.

14. Flight SK1748 arrived in Tallinn in evening darkness, at which time both recorded and observed weather data confirmed the presence of inclement conditions and wet snow at the airport.

15. Embarkation and disembarkation from the CRJ-900 used to operate Flight SK1748 can be accomplished by one of two means: through the use of a short, unstable staircase with incomplete handrail access that is incorporated into the door of the aircraft, or via a ramp that can be brought to the aircraft by ground personnel.

16. On February 13, 2019, SAS utilized the door/stair system to disembark passengers upon landing of the subject flight in Tallinn.

17. At no time prior to landing at the Tallinn airport, nor at any time before it became Plaintiff's turn to exit the aircraft after he left his assigned seat in the tenth row, did any member of the flight crew or cabin crew warn him of the dangerous wet conditions of the staircase or at the

airport generally. Moreover, Plaintiff was not offered or provided with any assistance in navigating his way onto and down the stairs from the plane to the ground.

18. Upon stepping out of the plane and placing his foot onto the top-most section of the staircase, the dangerous and unsafe prevailing conditions of the exit stairs caused Plaintiff to fall down onto the tarmac.

19. After landing on the ground at the foot of the staircase, Plaintiff remained there in excruciating pain, lying in puddles of water and snow, unable to move for several minutes.

20. When an emergency medical team finally arrived at the accident site, Plaintiff was taken to a local hospital by ambulance where he was found to have sustained severe fractures to his right hip and femur that required lengthy and complicated surgical intervention to stabilize and repair his injuries.

21. Plaintiff remained in the Tallinn hospital for approximately eight days until he could be discharged and relocated to a private residence, from which he continued to return to hospital for medical attention, monitoring and rehabilitation.

22. On April 16, 2019, the earliest his medical condition and incomplete recovery and rehabilitation permitted, Plaintiff returned to his home in the United States to continue his recovery.

23. The injuries sustained by Plaintiff have had life-altering effects, have caused him to endure pain, suffering and great discomfort since the moment of injury, and have forced him to incur medical, hospital and ongoing rehabilitation expenses.

24. In addition to economic loss, Plaintiff has been, and continues to be, deprived of his enjoyment of life, pursuits and interests as a result of his injuries.

26.     Based on the foregoing, Article 17 of the Montreal Convention renders Defendant strictly and absolutely liable to pay full, fair and reasonable damages to Plaintiff for the totality of compensable injuries and damages sustained.

27.     Defendant cannot limit its liability under Article 21 of the Montreal Convention by reason of the fact that it cannot show that its negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff, nor can it prove that the injuries suffered by Plaintiff were caused solely by the acts of third parties.

WHEREFORE, Plaintiff, ANATOLY DAVYDOV, hereby demands judgment against Defendant, SCANDINAVIAN AIRLINES SYSTEM a/k/a SAS, d/b/a SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: September 4, 2019
       New York, New York

KREINDLER & KREINDLER LLP

_____
Brian J. Alexander (BA9435)
Marc S. Moller
750 Third Avenue, 32nd Floor
New York, NY 10017
Tel. (212) 687-8181
*Attorneys for Plaintiff*