## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUSAN HARDY,** | **CIVIL DOCKET** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO.  21-1591** |
| | |
| **SCANDINAVIAN AIRLINES SYSTEM,** | **SECTION: "E" (3)** |
| **Defendant** | |

## ORDER AND REASONS

Before the Court is Defendant Scandinavian Airlines System Denmark-Norway-Sweden's motion to dismiss for lack of personal jurisdiction.[1] Plaintiff Susan Hardy filed an opposition.[2] Defendant replied.[3] Defendant also filed a notice of supplemental authority.[4] Plaintiff filed a response.[5] On February 28, 2023, the Court held Oral Argument on Defendant's motion.[6]

## BACKGROUND

This action arises from an incident at the Oslo Gardermoen Airport on August 23, 2019.[7] Plaintiff departed on a United Airlines flight from New Orleans to New Jersey.[8] In New Jersey, Plaintiff transferred to a flight operated by Defendant, departing from New Jersey to Oslo, Norway.[9] Plaintiff alleges that she fell to the ground while disembarking the aircraft in Oslo, due to a five-to-six-inch gap between the bottom of the aircraft door

---

[1] R. Doc. 31.
[2] R. Doc. 32.
[3] R. Doc. 35.
[4] R. Doc. 44.
[5] R. Doc. 45.
[6] R. Doc. 47.
[7] R. Doc. 25 at p. 5.
[8] *Id.* at p. 3.
[9] *Id.* at pp. 4-5.

and the passenger boarding bridge.[10] As a result of the fall, Plaintiff alleges she sustained severe fractures to her right femoral shaft.[11] On August 20, 2021, Plaintiff filed suit in this Court, seeking to recover for her injuries.[12] Defendant now seeks dismissal of Plaintiff's claims on the basis that the Court lacks personal jurisdiction over Defendant.[13]

## LEGAL STANDARD

The Due Process Clause of the Fourteenth Amendment "operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant."[14] For a court's exercise of personal jurisdiction over a non-resident defendant to be constitutional under the Due Process Clause, (1) "that defendant [must have] purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state"; and (2) "the exercise of jurisdiction over that defendant [must] not offend 'traditional notions of fair play and substantial justice.'"[15]

Satisfaction of the "minimum contacts" test depends on the type of jurisdiction the court seeks to exercise over the defendant: general jurisdiction or specific jurisdiction.

## I.     General Jurisdiction

A court may exercise general jurisdiction over a non-resident defendant when that defendant's contacts with the forum state are "continuous and systematic," regardless of whether such contacts are related to the plaintiff's cause of action. Stated differently, "[g]eneral jurisdiction will attach, even if the act or transaction sued upon is unrelated to

---

[10] *Id.* at pp. 5-6.
[11] *Id.* at p. 6.
[12] R. Doc. 1.
[13] R. Doc. 31.
[14] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984)).
[15] *Eddy v. Printers House (P) Ltd.*, 627 F. App'x 323, 326 (5th Cir. 2015) (quoting *Alpine View Co. v. Atlas Capco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).

the defendant's contacts with the forum state, if the defendant has engaged in 'continuous and systematic' activities in the forum state."[16] In *Goodyear Dunlop Tires Operations, S.A. v. Brown*, the Supreme Court stated that, "for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home."[17] That is, the corporation must have substantial, continuous, and systematic contacts with the forum state so as to "render [it] essentially at home in the forum state."[18] "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."[19]

## II.   Specific Jurisdiction

When the defendant's contacts are less pervasive, a court may exercise specific jurisdiction over a non-resident defendant in a suit arising out of or related to the defendant's contacts with the forum. The Fifth Circuit has enunciated a three-factor analysis to guide courts in assessing the presence of specific personal jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[20]

To make a *prima facie* showing of specific personal jurisdiction, the plaintiff need only satisfy the first two factors.[21] If the plaintiff makes a *prima facie* showing, the burden of

---

[16] *721 Bourbon, Inc. v. House of Auth, LLC*, 140 F. Supp. 3d 586, 592 (E.D. La. 2015) (citations omitted).
[17] 564 U.S. 915, 924 (2011).
[18] *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).
[19] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (citing *Daimler AG*, 134 S. Ct. at 760; *Helicopteros*, 466 U.S. at 411–12).
[20] *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 319 (5th Cir. 2020) (quoting *Seiferth*, 472 F.3d at 271).
[21] *Athletic Training Innovations, LLC v. eTagz, Inc.*, 955 F. Supp. 2d 602, 613 (E.D. La. 2013); *see also 721 Bourbon*, 140 F. Supp. 3d at 592–93; *Autogenomics, Inc. v. Oxford Gene Tech.*, 566 F.3d 1012, 1018–19 (Fed. Cir. 2009).

proof with respect to the reasonableness factor shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[22]

### III.   Service Pursuant to Federal Rule of Civil Procedure 4(K)(2)

If service is conducted pursuant to Federal Rule of Civil Procedure Rule 4(k)(2), the jurisdictional analysis is slightly different. Rule 4(k)(2) states that, "[f]or a claim that arises under federal law, serving a summons . . . establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."[23]

While jurisprudence surrounding the role of Rule 4(k)(2) has been plagued with confusion, the United States Court of Appeals for the Fifth Circuit recently clarified its role in a court's jurisdictional analysis.[24] In *Douglass v. Nipon Yusen Kabushiki Kaisha*, the Fifth Circuit clarified that, rather than an independent basis for jurisdiction, "Rule 4(k)(2) is a procedural rule governing the territorial limits of service."[25] Thus, a summons pursuant to Rule 4(k)(2) establishes personal jurisdiction only when the exercise of that jurisdiction is consistent with the United States Constitution and laws—the traditional due process analysis.

The Court explained: "the valid exercise of jurisdiction through a summons requires (1) notice of the command and (2) amenability to the command. The notice requirement is procedural, and the amenability requirement is substantive." [26]

---

[22] *Athletic Training Innovations*, 955 F. Supp. 2d at 613.
[23] Fed. R. Civ. P. 4(k)(2).
[24] *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226 (5th Cir. 2022)
[25] *Id*. at 233.
[26] *Id*.

"Historically, those requirements were inextricably intertwined because federal courts had jurisdiction over only defendants that voluntarily appeared or where personally served in the district."[27] "After *International Shoe*, states began authorizing out-of-state service, and "[a]s the territorial scope of service expanded, the due process limitations on personal jurisdiction assumed greater independent significance."[28]

Since its inception, Rule 4(k)(2) has undergone a series of amendments resulting in its current wording, although it retained the original rule's caption, "Territorial Limits of Effective Service."[29] However, the Fifth Circuit has clarified that, "[n]otwithstanding the amendments, Rule 4(k) is still just a procedural rule about issuing summonses."[30] "No doubt service of a summons under Rule 4(k0(2) establishes personal jurisdiction *when procedurally authorized by the Federal Rules and consistent with the Constitution*."[31] "But as the rule expresses, the efficacy of service remains subject to the constitutional question whether a defendant is amenable to the Constitution."[32]

In other words, where a summons is issued pursuant to Rule 4(k)(2), a  plaintiff must demonstrate the following in order for the Court to conclude it can properly exercise of personal jurisdiction over a defendant: (1) the claims against the defendant arise under federal law; (2) the defendant "does not concede to jurisdiction in another state;" and (3) the defendant has sufficient ties to the United States as a whole to satisfy due process concerns.[33] When applying Rule 4(k)(2) in the context of general or specific personal jurisdiction, although the limits of due process are measured under the Fifth Amendment,

---

[27] *Id.*
[28] *Id.* at 233-34.
[29] *Id.*
[30] *Id.* at 234.
[31] *Id.* (emphasis added).
[32] *Id.*
[33] *Id.*

the Fifth Circuit has affirmed courts are to adhere "to the same legal standard developed in the Fourteenth Amendment context—the 'now-familiar minimum contacts analysis'— but with one significant distinction."[34] "[W]here Rule 4(k)(2), and thus Fifth Amendment due process, is at issue, the Fifth Circuit looks to the sufficiency of a party's ties with the United States as a whole, rather than to the sufficiency of its ties with any individual state, in order to determine whether the requisite showing of minimum contacts has been made."[35]

## LAW AND ANALYSIS

Plaintiff's amended complaint sets forth a claim against Defendant under the Montreal Convention.[36] Defendant argues the Court lacks personal jurisdiction over Defendant with respect to Plaintiff's claim.[37] In opposition, Plaintiff argues the Court has (1) personal jurisdiction over Defendant provided by the Montreal Convention, and (2) specific personal jurisdiction over Defendant, under a traditional theory and because summons was issued pursuant to Rule (4)(k)(2).[38] The Court will address each of Plaintiff's grounds for personal jurisdiction in turn.

---

[34] *Patterson v. Blue Offshore BV*, No. 13-337, 2015 WL 4096581, at *9 (E.D. La. July 6, 2015), affirmed by *Patterson v. Aker Solutions Inc.*, 826 F.3d 231 (5th Cir. 2016). *See also Douglass*, 46 F.4th at 242 ("For federal claims filed in federal courts, of course, the relevant minimum contacts are those with the entire United States, not a forum state.") (affirming *Patterson*).

[35] *Id.*

[36] R. Doc. 25.

[37] R. Doc. 31.

[38] R. Doc. 32. While Plaintiff initially argued the Court had general jurisdiction over Defendant, Plaintiff seems to withdraw this argument in its supplemental briefing. R. Doc. 45 at p. 2 ("[T]he Fifth Circuit's reasoning in *Douglass* must be applied to the facts of this case in the context of Plaintiff's assertion of specific personal jurisdiction over SAS, not general jurisdiction."). However, even if Plaintiff did not intend to withdraw its argument, the Court does not have general jurisdiction over Defendant following the Fifth Circuit's decision in *Douglass*. 46 F.4th 226.

## I.      The Montreal Convention

Plaintiff contends the Montreal Convention provides an independent basis for exercising personal jurisdiction over Defendant in this action.[39] In response, Defendant argues the Montreal Convention provides the Court with only subject matter jurisdiction, not personal jurisdiction.[40]

"The Montreal Convention sets forth the types of claims that can be brought relating to international air carriage."[41] "It is well established that the treaty 'preempts state law and provides the sole avenue for damages claims that fall within the scope of its provisions.'"[42] "The treaty also includes jurisdictional provisions dictating *where* such claims can be brought."[43]

> The Montreal Convention's primary jurisdictional provision, Article 33, provides that "an action for damages must be brought, at the option of the plaintiff, in the territory of one of the States Parties . . . before the court of" [1] the carrier's domicile, [2] the carrier's principal place of business, [3] the place where the contract was made, [4] the place of destination, or [5] in certain actions, a passenger's principal and permanent residence.[44]

"Article 33 also dictates that 'questions of procedure shall be governed by the law of the court seised of the case.'"[45]

Although Article 33 of the Montreal Convention provides federal courts with subject matter jurisdiction, a growing body of case law recognizes the Montreal Convention does not provide the Court with personal jurisdiction over all defendants merely because a suit is brought pursuant to its terms. Although the United States Court

---

[39] R. Doc. 32 at pp. 9-14.
[40] R. Doc. 35 at pp. 1-2.
[41] *Nat'l Union Fire Ins. Co. of Pittsburgh v. UPS Supply Chain Sols., Inc.*, No. 21-2867, 2023 WL 4610772, at *4 (2d Cir. July 19, 2023).
[42] *Id.* (quoting *Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 246 (2d Cir. 2021)).
[43] *Id.*
[44] *Id.* at *5 (quoting Montreal Convention art. 33(1)-(2)).
[45] *Id.* (quoting Montreal Convention art. 33(4)).

of Appeals for the Fifth Circuit has not yet considered the issue, the United States Court of Appeals for the Second Circuit addressed this exact question in detail in *National Union Fire Insurance Company of Pittsburgh, Pennsylvania v. UPS Supply Chain Solutions, Inc.*[46] In *National Union Fire Insurance Co.*, the Second Circuit held the Montreal Convention does not provide an independent basis for personal jurisdiction, but rather provides only a basis for subject matter jurisdiction in the United States.[47] The Second Circuit undertook a detailed analysis of treaty interpretation, looking both to the text of the treaty and the intent of the drafters.[48] Because "[t]he interpretation of a treaty, like the interpretation of the statute, begins with its text," the court first looked to the language of the Montreal Convention itself:[49]

> [N]othing in the text of the Montreal Convention says or implies that it gives rise to personal jurisdiction—that is, a court's power to exercise control over a particular party. While Articles 33 and 46 state that actions "must be brought" in one of the specified fora, they do not state that the courts of those fora must entertain such actions without regard for other potential barriers to jurisdiction. To the contrary, . . . Article 33 specifies that "questions of procedure shall be governed by the law of the court seised of the case." The inclusion of these clauses indicates that while the Montreal Convention permits claims arising under the treaty to be brought in particular nations, it does not guarantee plaintiffs the unconditional right to litigate in those nations' courts. Rather, the treaty expressly leaves room for nation-states to impose their own venue, jurisdictional or other procedural requirements. We conclude that personal jurisdiction is such a requirement.[50]

Next, the Second Circuit noted that precedent also supported its "conclusion that the Montreal Convention's jurisdictional provisions do not pertain to domestic personal jurisdiction."[51] The Court interpreted "the Montreal Convention's provisions 'in

---

[46] *Id.* at *4.
[47] *Id.* at *5.
[48] *Id.* at *5-7.
[49] *Id.* at *5-6.
[50] *Id.* at *6.
[51] *Id.*

accordance with case law arising from substantively similar provisions of its predecessor, the Warsaw Convention.'"[52] The Montreal Convention was drafted in 1999 to replace the Warsaw Convention, and, although it "improved upon essential aspects of its predecessor, the drafters tried 'to retain existing language and substance of other provisions to preserve judicial precedent related to other aspects of the Warsaw Convention, in order to avoid unnecessary litigation over issues already decided by the courts under the Warsaw Convention.'"[53] Article 28 of the Warsaw Convention served as the predecessor to the Montreal Convention's Article 33(1) and is similar "in both language and substance."[54] The Second Circuit addressed in detail its previous decisions holding that Article 28 of the Warsaw Convention did not convey personal jurisdiction.[55]

On these bases, the Second Circuit held "the Montreal Convention's jurisdictional provisions speak only to treaty jurisdiction as a form of subject-matter jurisdiction, not personal jurisdiction. Therefore, the Montreal Convention does not confer personal jurisdiction on United States courts in actions arising under the treaty."[56] "The power to assert jurisdiction over a *claim* is distinct from the power to assert jurisdiction over a *party*, which must be separately established."[57]

---

[52] *Id.* (quoting *Cohen*, 13 F.4th at 245).
[53] *Id.* (quoting *Cohen*, 13 F.4th at 244).
[54] *Id.*
[55] *Id.* (quoting *Campbell v. Air Jam., Ltd.*, 863 F.2d 1, 1 (2d Cir. 1988) ("'[C]ompliance with Article 28(1) gives a nation *treaty jurisdiction* over the claim, so that the nation is an appropriate site for litigation,' but '*domestic jurisdiction* and venue questions still may require further analysis.'"); *and Smith v. Canadian Pac. Airways, Ltd.*, 452 F.2d 798, 800 (2d Cir. 1971) ("In a Warsaw Convention case there are two levels of judicial power that must be examined to determine whether suit may be maintained. The first level . . . is that of jurisdiction in the international or treaty sense under Article 28(1). The second level involves the power of a particular United States court, under federal statutes and practice, to hear a Warsaw Convention case—jurisdiction in the domestic law sense.")).
[56] *Id.* at *5.
[57] *Id.*

The Court finds the Second Circuit's decision in *National Union Fire Insurance Co.* highly persuasive in the instant matter. Because the Fifth Circuit has not yet considered the issue, and the Court agrees with the reasoning employed by the Second Circuit, the Court expressly adopts it herein. Moreover, the Second Circuit's well-reasoned decision is consistent with the body of district court cases around the country rejecting Plaintiff's argument.[58] On this basis, the Court rejects Plaintiff's arguments and holds the Montreal Convention does not provide the Court with an independent basis for personal jurisdiction over Defendant.

## II.     Specific Personal Jurisdiction

Plaintiff has failed to demonstrate that this Court has specific personal jurisdiction over Defendant under a traditional theory or because summons was issued pursuant to Rule (4)(k)(2). The Fifth Circuit has enunciated a three-factor analysis to guide courts in assessing the presence of specific personal jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[59]

To make a *prima facie* showing of specific personal jurisdiction, the plaintiff need only satisfy the first two factors.[60] If the plaintiff makes a *prima facie* showing, the burden of proof with respect to the reasonableness factor shifts to the defendant to "present a

---

[58] *See, e.g., Diab v. British Airways, PLC*, No. 20-3744, 2020 WL 8970607, at *3 (E.D. Penn. Nov. 23, 2020) ("Courts have consistently concluded that the jurisdictional article of the Montreal Convention addresses subject matter jurisdiction, not personal jurisdiction.") (finding jurisdiction on other grounds, thereby not reaching the merits of the issue, but collecting cases).

[59] *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 319 (5th Cir. 2020) (quoting *Seiferth*, 472 F.3d at 271).

[60] *Athletic Training Innovations, LLC v. eTagz, Inc.*, 955 F. Supp. 2d 602, 613 (E.D. La. 2013); *see also 721 Bourbon*, 140 F. Supp. 3d at 592–93; *Autogenomics, Inc. v. Oxford Gene Tech.*, 566 F.3d 1012, 1018–19 (Fed. Cir. 2009).

compelling case that the presence of some other considerations would render jurisdiction unreasonable."[61]

Where Rule 4(K)(2) is at issue, the specific personal jurisdiction inquiry is the same, except that courts in "the Fifth Circuit look[] to the sufficiency of a party's ties with the United States as a whole, rather than the sufficiency of its ties with any individual state, in order to determine whether the requisite showing of minimum contacts has been made."[62] Said differently, when Rule 4(k)(2) is at issue, the Fifth Circuit's three-step analysis to determine specific jurisdiction is as follows: (1) whether the defendant has minimum contacts with the [United States as a whole]; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts [with the United States]; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Whether the forum is the state of Louisiana or the United States as a whole, Plaintiff has failed to demonstrate her cause of action arises out of Defendant's forum-related contacts—element two of the specific personal jurisdiction inquiry. Plaintiff contends her claim arises out of Defendant's sale of a plane ticket to her in her home state of Louisiana.[63] However, as aptly noted by Defendant, Plaintiff's claim does not arise out of Defendant's sale of the plane ticket. Instead, Plaintiff's cause of action arises out of the alleged negligent conduct which occurred in Oslo, Norway.[64] Courts have consistently

---

[61] *Athletic Training Innovations*, 955 F. Supp. 2d at 613.
[62] *Patterson*, No. 13-337, 2015 WL 4096581, at *9; *see also CGC Holding Co., LLC v. Hutchens*, 974 F.3d 1201, 1208-09 (10th Cir. 2020) (considering a defendant's contacts with the United States as a whole in its specific personal jurisdiction inquiry under 4(K)(2)). Moreover, the defendant must not be "subject to jurisdiction in any state's court of general jurisdiction." Fed. R. Civ. P. 4(k)(2). However, because the Court concludes that Plaintiff's cause of action does not arise out of or result from Defendant's forum-related contacts with the United States as a whole, the Court need not reach this issue.
[63] R. Doc. 32 at p. 8.
[64] *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (affirming the district court's decision concluding there was no specific jurisdiction where the defendant's claims did not arise out of

held, in the context of personal injury suits, that "the fact that the plaintiff purchased a ticket in [the forum state] is insufficient to endow a [forum] court with personal jurisdiction over a non-resident defendant, because the defendant's alleged negligence and the plaintiff's injury are too far removed from the business the defendant transacted in [the forum]." [65] Had Plaintiff's claim arisen from "fraudulent inducement, false advertising, or any other theory relating to the sale and purchase of the ticket," the outcome may be different.[66] However, that is not the case here.

Whether the forum is Louisiana, under a traditional theory, or the United States as a whole, because Rule 4(k)(2) is implicated, the outcome is the same. Plaintiff's cause of action arises out of her alleged injuries which occurred in Oslo, Norway, not from her purchase of the ticket in the United States.[67] Plaintiff's argument fails on this point.[68]

---

contractual contacts with the United States but instead arose out of alleged tortious acts committed by the defendant in Syria).

[65] *H.B. by Barakati v. China S. Airlines Co. Ltd.*, 20-CV-9106 (VEC), 2021 WL 2581151, at *5 (S.D. N.Y. June 23, 2021); *Luna v. Compania Panamena De Aviacion, S.A.*, 851 F. Supp. 826, 832 (S.D. Tex. 1994) (holding the plaintiff's death due to an airplane crash did not result from the fact that she purchased the ticket for her air travel in the forum state); *Pesa v. Scandinavian Airlines System*, No. 2:19-cv-20415, 2021 WL 1660863, at *8 (D. N.J. Apr. 27, 2021) (collecting cases).

[66] *Bavikatte v. Polar Latitudes, Inc.*, A-15-CV-00437-LY-ML, 2015 WL 8489997, at *6 (W.D. Tex. Dec. 8, 2015); *see also Huzinec v. Six Flags Great Adventure, LLC*, 2018 WL 1919956, at *6 (D. N.J. Apr. 24, 2018) (finding the analysis of a party's jurisdictional exposure "would have presented a closer call if the underlying claims centered on allegations related to those tickets").

[67] Plaintiff did not argue that the New Jersey origin of the flight alone provides the Court with jurisdiction. However, even if she did make such an argument, the mere fact that a flight originates in a forum in still insufficient to establish specific jurisdiction over an airline for personal injury claims based on negligence in a foreign forum. *See id.*

[68] Even if the Court found Plaintiff had satisfied the second element, Plaintiff would also fail on the third element. Plaintiff failed to demonstrate that the connection between her cause of action and Defendant's forum-related activities is not "too attenuated," making the exercise of jurisdiction unreasonable. *Benson v.* Rosenthal, 116 F. Supp. 3d 702, 711-12 (E.D. La. 2015). Courts have held that the connection between a plaintiff's cause of action for a personal injury occurring in another forum and a defendant's ticket sale to a plaintiff in the forum are too attenuated to make the exercise of jurisdiction over a defendant reasonable. *Bavikatte*, A-15-CV-00437-LY-ML, 2015 WL 8489997, at *6 ("Plaintiff's allegations do not relate to fraudulent inducement, false advertising, or any other theory relating to the sale and purchase of the ticket. Instead, Plaintiff alleges he suffered a fall due to unsafe conditions in his cabin . . . . The circumstances of Plaintiff's injury are far too attenuated from the sale of the cruise package in Texas to support specific personal jurisdiction here."). Accordingly, Plaintiff fails on the third element as well.

Accordingly, Plaintiff has failed to carry her burden of demonstrating that this Court has personal jurisdiction over Defendant based on traditional theories of personal jurisdiction.

<u>**CONCLUSION**</u>

**IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED**.

**New Orleans, Louisiana, this 11th day of August, 2023.**

                                        _____
                                        **SUSIE MORGAN**
                                 **UNITED STATES DISTRICT JUDGE**