UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUSAN HARDY,**<br>    **Plaintiff** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 21-1591** |
| **SCANDINAVIAN AIRLINES SYSTEM,**<br>    **Defendant** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Susan Hardy's ("Plaintiff") Motion to Strike Certain Affirmative Defenses.[1] Defendant Scandinavian Airlines System ("Defendant") filed an opposition.[2] Plaintiff filed a reply.[3]

## BACKGROUND

This action arises from an incident at the Oslo Gardermoen Airport on August 23, 2019.[4] Plaintiff departed on a United Airlines flight from New Orleans to New Jersey.[5] In New Jersey, Plaintiff transferred to a flight operated by Defendant, departing from New Jersey to Oslo, Norway.[6] Plaintiff alleges that she fell to the ground while disembarking the aircraft in Oslo, due to a five-to-six-inch gap between the bottom of the aircraft door and the passenger boarding bridge and suffered injuries.[7]

On August 20, 2021, Plaintiff filed suit in this Court, seeking to recover for her injuries.[8] Plaintiff filed an amended complaint on April 18, 2022.[9] Defendant responded

---

[1] R. Doc. 68.
[2] R. Doc. 69.
[3] R. Doc. 70.
[4] R. Doc. 25 at p. 5.
[5] *Id.* at p. 3.
[6] *Id.* at pp. 4-5.
[7] *Id.* at pp. 5-6.
[8] R. Doc. 1.
[9] R. Doc. 25.

1

with a motion to dismiss for lack personal jurisdiction.[10] The Court granted Defendant's motion to dismiss.[11] The Court found that (1) the Montreal Convention did not provide a basis for personal jurisdiction over the Defendant, and (2) Plaintiff did not meet her burden of demonstrating that the Court had specific personal jurisdiction over the Defendant because Plaintiff did not demonstrate that her cause of action arose out of Defendant's forum-related contacts.[12]

Plaintiff appealed the Court's dismissal.[13] The United States Court of Appeals for the Fifth Circuit affirmed the Court's ruling that the Montreal Convention does not create personal jurisdiction but reversed on the specific personal jurisdiction issue and held that the Court does have specific personal jurisdiction over Defendant.[14]

Following the Fifth Circuit's remand, Defendant answered Plaintiff's amended complaint.[15] Defendant's answer prompted Plaintiff to file a motion to strike four of Defendant's affirmative defenses: (1) lack of personal jurisdiction over the Defendant; (2) the action should be dismissed pursuant to the forum non conveniens doctrine; (3) the action should be dismissed because venue is improper; and (4) the Court lacks subject matter jurisdiction over this action.[16]

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or

---

[10] R. Doc. 31.
[11] R. Doc. 48.
[12] *Id.*
[13] R. Doc. 50.
[14] *Hardy v. Scandinavian Airlines Sys.*, 117 F.4th 252 (5th Cir. 2024).
[15] R. Doc. 65.
[16] *Id.* at pp. 5-6; R. Doc. 68.

scandalous matter." [17] "A motion to strike is appropriate when the allegations are prejudicial to the opposing party or immaterial to the lawsuit."[18] "[S]triking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance."[19] The decision to grant or deny a motion to strike lies within the sound discretion of the trial court.[20]

## LAW AND ANALYSIS

### I. The Court will strike Defendant's first affirmative defense which is that the Court lacks personal jurisdiction over Defendant.

Plaintiff moves the Court to strike Defendant's first affirmative defense that the Court lacks personal jurisdiction over Defendant.[21] Plaintiff argues the Court should strike this affirmative defense because the Fifth Circuit held this Court does have personal jurisdiction over Defendant.[22] In opposition, Defendant points to the fact that on November 25, 2024 it filed a petition for writ of certiorari with the United States Supreme Court asking the Court to reverse the Fifth Circuit's decision.[23]

The Fifth Circuit held the Court has personal jurisdiction over Defendant.[24] Under Federal Rule of Appellate Procedure 41(d)(1), "A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the petition would present a substantial

---

[17] FED. R. CIV. P. 12(f).
[18] *721 Bourbon, Inc. v. Willie's Chicken Shack, LLC*, No. 19-9069, 2020 WL 587886, at *1 (E.D. La. Feb. 6, 2020) (internal quotation marks omitted) (quoting *Schlesinger v. Hasco Thibodaux, LLC*, No. 13-6237, 2014 WL 527657, at *1 (E.D. La. Feb. 7, 2014)).
[19] *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citing *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007)).
[20] *Tarver v. Foret*, No. 95-1192, 1996 WL 3536, at *1 (E.D. La. Jan. 3, 1996); *see also Who Dat, Inc. v. Rouse's Enters., LLC*, No. 12-2189, 2013 WL 395477, at *2 (E.D. La. Jan. 31, 2013).
[21] R. Doc. 68-1 at p. 2.
[22] *Id.* (quoting *Hardy*, 117 F.4th at 268).
[23] R. Doc. 69 at p. 3.
[24] *Hardy*, 117 F.4th 252.

question and that there is good cause for a stay." Although Defendant filed a petition for writ of certiorari appealing the Fifth Circuit's opinion to the Supreme Court, Defendant has not moved to stay the Fifth Circuit's mandate.[25] In *United States v. Sears*, the United States Court of Appeal for the Eleventh Circuit explained that while a "certiorari petitioner can apply for a stay of the mandate; one does not automatically issue upon filing with the Supreme Court."[26] Due to this, "the mere filing of a petition for certiorari with the Supreme Court neither stops the mandate from issuing nor stops the case from proceeding in the district court. A litigant desiring such cessation must seek and obtain a stay."[27] Absent a stay of the Fifth Circuit's mandate, this Court has personal jurisdiction over Defendant and the case will go forward.[28]

Defendant says it opposes the motion mainly to preserve its defense of lack of personal jurisdiction asserted in its petition for writ of certiorari to the Supreme Court and argues that the petition for writ of certiorari shows that personal jurisdiction is a disputed and substantial question of law in this case.[29] Defendant's petition for writ of certiorari sufficiently preserves the Defendant's objection to this Court's exercise of personal jurisdiction over the Defendant. Defendant's first affirmative defense is stricken.[30]

---

[25] *See* Fed. R. App. P. 41(a) & (d)(1); 28 U.S.C. § 2101(f).
[26] *United States v. Sears*, 411 F.3d 1240, 1242 (11th Cir. 2005).
[27] *Id.*; *see also United States v. Dozier*, 707 F.2d 862, 864 n.2 (5th Cir. 1983) ("[T]he district court reacquires jurisdiction of a case when the mandate is issued.") (citing *United States v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979)).
[28] *Sears*, 411 F.3d at 1242.
[29] R. Doc. 69 at p. 3.
[30] Fed. R. Civ. P. 12(f).

**II.    The Court will strike Defendant's third affirmative defense which is that the Court should dismiss this case under the forum non conveniens doctrine.**

Plaintiff argues the Court should strike Defendant's third affirmative defense which is that this case should be dismissed to be heard outside of the United States pursuant to the forum non conveniens doctrine.[31] As support for her motion to strike, Plaintiff relies on the Fifth Circuit's finding that Plaintiff "has a vested interest in being able to pursue her claim in the forum she has chosen."[32] Plaintiff quotes the Fifth Circuit's finding that Defendant "regularly litigates in the U.S." and that Defendant "is an international airline" that "may be better able than many other defendants to mitigate the burden of litigating this case in the United States."[33] Plaintiff argues these factors, that Plaintiff filed suit in the United States and that Defendant is an international airline that regularly litigates in the United States, make forum non conveniens "an insufficient defense as a matter of law."[34] Moreover, Plaintiff asserts that her choice of forum is entitled to deference that Defendant cannot overcome and she should be allowed to proceed in this Court in the United States.[35]

In opposition, Defendant claims Plaintiff "mischaracterizes both the standard for forum non conveniens and the Fifth Circuit's decision."[36] Defendant avers that "Norway has a substantial interest in adjudicating this lawsuit" because the alleged negligence occurred in Norway, Defendant is a Norwegian corporation, and Norwegian law may apply in this case.[37] Defendant explains that the Fifth Circuit's opinion was limited to

---

[31] R. Doc. 68 at p. 2.
[32] *Id.* (quoting *Hardy*, 117 F.4th at 268).
[33] *Id.* (quoting *Hardy*, 117 F.4th at 267).
[34] *Id.*
[35] *Id.* at pp. 2-3.
[36] R. Doc. 69 at pp. 3-5.
[37] *Id.* at p. 4.

5

personal jurisdiction and did not constitute a ruling on forum non conveniens. In reply, Plaintiff argues Defendant "has identified no third party with personal knowledge, no eyewitnesses, and no documents to suggest that Norway would be a more convenient forum."[38]

Rule 8(c)(1) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense" and then lists examples of affirmative defenses.[39] Forum non conveniens is not an affirmative defense listed in Rule 8(c)(1),[40] but the list of affirmative defenses is non-exclusive.[41]

In *Ingraham v. United States*, the Fifth Circuit discussed how to determine whether a defense constitutes a Rule 8 "affirmative defense."[42] The Fifth Circuit explained that Rule 8(c) requires a defendant to affirmatively plead affirmative defenses under penalty of waiver to prevent "unfair surprise" because "[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense."[43] Also relevant to whether a defense is an "affirmative defense" is "the logical relationship between the defense and the cause of action," considering "(1) whether the matter at issue fairly may be said to constitute a necessary or extrinsic element in the plaintiff's cause of action; (2) which party . . . has better access to relevant evidence; and (3) policy considerations: should the matter be indulged or disfavored?"[44] Additionally, the Fifth Circuit analyzed the word "avoidance" as used in Rule 8(c).[45] "Black's Law Dictionary, 5th

---

[38] R. Doc. 70 at pp. 6-7.
[39] FED. R. CIV. P. 8(c)(1).
[40] In fact, none of Defendant's affirmative defenses that Plaintiff asks the Court to strike are listed in Rule 8(c)(1).
[41] *Singleton v. Louisiana*, No. 20-00625, 2022 WL 3927819, at *3 (M.D. La. Aug. 30, 2022).
[42] 808 F.2d 1075, 1078-80 (5th Cir. 1987).
[43] *See id*. at 1078-79 (citing *Bettes v. Stonewall Insurance Co.*, 480 F.2d 92 (5th Cir. 1973)).
[44] *Id*. at 1079.
[45] *Id*.

6

ed. 1979, defines an avoidance in pleadings as 'the allegation or statement of new matter, in opposition to a former pleading, which, admitting the facts alleged in such former pleading, shows cause why they should not have their ordinary legal effect.'"[46]

Under *Ingraham*, forum non conveniens is not an affirmative defense because Defendant's forum non conveniens defense has no relationship to the substantive elements of Plaintiff's cause of action and does not bear on Defendant's liability. As the Supreme Court noted in *American Dredging Co. v. Miller*, forum non conveniens is "unlike . . . affirmative defenses such as contributory negligence (which eliminate liability)" because it "does not bear upon the substantive right to recover."[47] Moreover, in this case there is no need for the Defendant to include forum non conveniens as an affirmative defense to avoid the risk of unfair surprise because Plaintiff is now aware that Defendant may bring a motion to dismiss based on the forum non conveniens doctrine.

Finally, any motion to dismiss based on forum non conveniens doctrine would be untimely. The Plaintiff's accident happened in 2019. Plaintiff filed this case in this Court over three years ago.[48] The Court has ruled on several substantive motions in this case.[49] This case has been to the Fifth Circuit on appeal and is now back before this Court.[50] The Fifth Circuit has held a defendant "must assert a motion to dismiss for forum non conveniens within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the

---

[46] *Id.*
[47] 510 U.S. 443, 454 (1994).
[48] R. Doc. 1.
[49] R. Doc. 48; R. Doc. 74.
[50] R. Doc. 55.

defendant."[51] Although the untimely submission of a motion to dismiss for forum non conveniens will not amount to waiver, untimeliness "weigh[s] heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve."[52] Defendant had the opportunity to argue for dismissal of this case based on the forum non conveniens doctrine but did not do so in a timely manner.

Defendant's affirmative defense of forum non conveniens is stricken.[53]

### III. The Court will strike Defendant's fourth affirmative defense which is that the Court should dismiss this case because venue is improper.

Plaintiff asks the Court to strike Defendant's fourth affirmative defense that this Court is an improper venue.[54] Initially, Plaintiff claims Defendant waived this affirmative defense under Federal Rules of Civil Procedure 12(g)(2) and 12(h)(1)(A). Next, Plaintiff argues the "Fifth Circuit held that Article 33 of the Montreal Convention 'prescribes venue.'"[55] In opposition, Defendant argues the Fifth Circuit did not comment on venue in its opinion. Defendant attacks the first amended complaint as "devoid" of allegations related to this Court being a proper venue.[56]

"Pursuant to Federal Rules of Civil Procedure 12(g) and (h), a party must raise all defenses arising under 12(b)(2)-(5) in one motion; otherwise, the party waives his right to later raise these unraised defenses."[57] Defendant filed a motion to dismiss for lack of

---

[51] *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1165 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom. by Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *reinstated except as to damages by In re Air Crash Disaster Near New Orleans*, 883 F.2d 17 (5th Cir. 1989) (en banc).
[52] *Id.*
[53] FED. R. CIV. P. 12(f).
[54] R. Doc. 68-1 at pp. 3-4.
[55] *Id.* at p. 4 (quoting *Hardy*, 117 F.4th at 260).
[56] R. Doc. 69 at p. 6.
[57] *Pruitt v. Bruce Oakley, Inc.*, No. 18-8621, 2019 WL 2437182, at *1 (E.D. La. June 11, 2019); *see also Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993) ("If a party seeks dismissal

8

personal jurisdiction under Rule 12(b)(2) on May 10, 2022 but did not raise Rule 12(b)(3)'s defense of improper venue.[58] Therefore, Defendant has waived improper venue as a defense. The Court strikes Defendant's fourth affirmative defense.[59]

### IV. The Court will strike Defendant's ninth affirmative defense which is that the Court lacks subject matter jurisdiction over this action.

Plaintiff requests the Court strike Defendant's Ninth affirmative defense that the Court, pursuant to Article 33 of the Montreal Convention, lacks subject matter jurisdiction over this case.[60] Plaintiff argues Defendant "has previously admitted, numerous courts, including this one, and the Second Circuit Court of Appeals have concluded that Article 33(2) [of the Montreal Convention] affords subject matter jurisdiction."[61] In opposition, Defendant states that subject matter jurisdiction has not yet been litigated in this Court and is not waivable.[62]

The Montreal Convention is a treaty.[63] This is an action under a treaty of the United States.[64] 28 U.S.C. § 1331 grants district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[65] Thus, the Court has subject matter jurisdiction over this case as a civil action arising under a treaty of the United States.[66] Because the Court has subject matter jurisdiction,[67] the Court strikes Defendant's first affirmative defense as insufficient and redundant.[68]

---

in a pretrial motion based on any of the defenses set out in Rule 12(b), he must include in such motion any other defense or objection then available which Rule 12 permits to be raised by motion.").
[58] R. Doc. 31; R. Doc. 31-1; R. Doc. 35.
[59] FED. R. CIV. P. 12(f).
[60] R. Doc. 68-1 at p. 4.
[61] *Id.*
[62] R. Doc. 69 at pp. 6-7.
[63] *Hardy*, 117 F.4th at 258 (referring to the Montreal Convention as a "multilateral treaty").
[64] R. Doc. 25.
[65] 28 U.S.C. § 1331; *Hardy*, 117 F.4th at 261 n.21.
[66] *Hardy*, 117 F.4th at 261 n.21; 28 U.S.C. § 1331.
[67] *Hardy*, 117 F.4th at 261 n.21.
[68] FED. R. CIV. P. 12(f).

## **CONCLUSION**

**IT IS ORDERED** that Plaintiffs' Motion to Strike Certain Affirmative Defenses is **GRANTED**.[69] The Court strikes the first, third, fourth, and ninth affirmative defenses from Defendant's answer.[70]

**New Orleans, Louisiana, this 7th day of February, 2025.**

                                           **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**

---

[69] R. Doc. 68.
[70] R. Doc. 65.